UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

DEC 20 1999

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KEVIN VON ESCHEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **versus** | § | **CIVIL ACTION NO. H-99-2133** |
| | § | |
| **CITY OF WEBSTER AND CITY OF LEAGUE CITY, TEXAS,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

Pending before the Court are Defendants the City of Webster's Motion to Dismiss (Instrument No. 7) and City of League City's Motion to Dismiss (Instrument No. 8). Having considered the submissions of the parties and the applicable law, the Court has determined that both motions should be **GRANTED.**

**I.**

Plaintiff Kevin von Eschen ("Eschen") brings this action against Defendants the City of Webster ("Webster") and the City of League City ("League City"), Texas (collectively "Defendants"), alleging violation of his civil rights under the Fourth, Fifth, and Fourteenth Amendments under 42 U.S.C. §1983. Eschen also claims that police officers employed by the Defendants failed to stop the use of excessive force and engaged in a civil conspiracy to violate his civil rights. Eschen requests damages.

On July 5, 1997, Eschen and some of his friends were at an apartment complex in Harris County, Texas, where his friend "Brad" lived. While some people were departing from the complex, Eschen asserts that Webster police officers began arriving and ordering people to stop

21

walking. Eschen claims that one of the officers, using an obscenity, threatened to shoot one person's dog if it did not stop barking. Eschen states that he was approximately fifty feet away from the police officers when the officers became angry because two of the departing couples did not stop walking. A police officer apparently went up a staircase to Brad's apartment. Eschen also went to Brad's apartment and found the door open. The police officer demanded entry into the apartment and Brad refused. Eschen claims that the two began to struggle, Brad trying to close the door while the police officer allegedly tried to force it open. According to Eschen, the officer finally opened the door, entered the apartment, and sprayed pepper spray towards Brad. At this time Eschen claims he was "several feet away on the outside." (Amended Complaint, Instrument No. 13, at 3).

Eschen asserts that he spoke to another officer at the bottom of the staircase, advising the officer that he felt he could convince Brad to leave the apartment. The officer apparently asked him to do so. Eschen tried twice without success to have Brad leave his apartment. After the second attempt, Eschen turned from the doorway and claims he was confronted by "some seven police officers rushing up the stairs." (*Id.*). Eschen stepped aside at their command and the officers "kicked down the door of Brad's apartment and entered." (*Id.*). At this point, one of the officers reportedly "yelled at Eschen 'I told you to stay back' and threw him to the ground whereupon several other officers jumped on him. They were yelling and striking him." (*Id.*).



ClibPDF - www.fastio.com

After this incident, Eschen was escorted to a police car and driven to a police station. Eschen was charged with resisting arrest, but the charge was subsequently dismissed four months later, on October 10, 1997.

Eschen filed this action on July 2, 1999, alleging violation of his civil rights under 42 U.S.C. §1983 for violation of the Fourth, Fifth, and Fourteenth Amendments. Eschen asserts that the police officers used excessive force and that none of the police officers present from Webster or League City "acted to stop the brutality and unwarranted attach [sic]" on him. (*Id.*). He has a pendant state law claim for unlawful arrest.

Both Defendants moved to dismiss, arguing that Eschen's excessive force claim must be dismissed because he failed to plead that he suffered any injury resulting from the incident. Moreover, Defendants argue that Eschen failed to allege that the cities had a custom or policy causing his alleged beating to occur at the hands of the police. Defendants also argue that Eschen's Fifth Amendment claim should be dismissed because the Fifth Amendment does not apply to state action, and that his false arrest charge must be dismissed due to the Defendants' immunity under the Texas Tort Claims Act. (Webster's Memorandum of Law in Support of Motion to Dismiss, Instrument No. 9; League City's Memorandum of Law in Support of Motion to Dismiss, Instrument No. 10) ("Defendants' Memorandums").

On November 3, 1999, League City filed a supplement to its motion, arguing that Eschen had failed to respond to the motion by the appropriate deadline, and thus the motions should be

treated as unopposed and dismiss the action. (Instrument No. 12). Eschen's response was due on August 18, 1999.

On November 5, 1999, more than two months later, Eschen filed a First Amended Complaint (Instrument No. 13) and his response (Instrument No. 14). He did not ask for leave to amend his complaint. In his amended complaint, Eschen newly asserted that "the two jurisdictions' police officers are known to commit such acts of brutality without proper cause or justification as well as being excessive and that the City governments have failed to act to prevent such customs and practices." (*Id.*). In addition, Eschen claims that when criminal charges were filed against him, "the officers of both jurisdiction [sic] engaged in as conspiracy of silence to protect the officers who actually brutalized" him. (*Id.*). Eschen claims that the officers who were present "failed to act to stop Officers Harrison and Lovell as well as any others who brutalized" him. (*Id.*). Eschen alleged that he also has suffered physical and mental injuries from his attack, as well as public humiliation.

In his response, Eschen also argued "[t]his response is timely and for the defendants' to propose that their motions are not opposed. . . is erroneous." (Plaintiff's Response, Instrument No. 14, at 2). Defendants then filed a second supplement to their motions to dismiss, arguing that Eschen's failure to intercede and conspiracy claims must be dismissed. (Joint Second Supplement, Instrument No. 15).

## II.

Rule 12(b)(6) allows for dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Such dismissals, however, are rare, *Clark v. Amoco Production Co.*, 794 F.2d 967, 970 (5th Cir. 1986), and only granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). Dismissal can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Vines v. City of Dallas, Texas*, 851 F. Supp. 254, 259 (N.D. Tex. 1994), *aff'd*, 52 F.3d 1067 (5th Cir. 1995).

In determining whether a dismissal is warranted pursuant to Rule 12(b)(6), the Court accepts as true all allegations contained in the plaintiff's complaint. *Gargiul v. Tompkins*, 704 F.2d 661, 663 (2d Cir. 1983), *vacated on other grounds*, 465 U.S. 1016 (1984); *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). In addition, all reasonable inferences are to be drawn in favor of the plaintiff's claims. *Id.* "To qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief." *Clark*, 794 F.2d at 970.

## III.

Defendants argue that Eschen's failure to timely respond to their motions to dismiss signifies that the Court must treat the motions as unopposed under Local Rule 6(E). (League City's Supplement, Instrument No. 12, at 1). Eschen apparently believes that his response, filed



ClibPDF - www.fastio.com

more than two months after the deadline, is timely. (Plaintiff's Response, Instrument No. 14, at 2). The Local Rules for the Southern District of Texas, Rule 6(D) provides that a responsive pleading shall be filed twenty days after the motion or pleading in question. UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF TEXAS, LOCAL RULES, Rule 6(D) (Feb. 22, 1994) ("Local Rules"); *Acosta v. Amoco Oil Co.*, 978 F.Supp. 703, 705 n.1 (S.D. Tex. 1997). Defendants claim Eschen's response was due August 18, 1999. (League City's Supplement, Instrument No. 12, at 1). Eschen filed his response more than two months later, in November. Local Rule 6(E) provides that "[f]ailure to respond will be taken as a representation of no opposition." Local Rule 6(E). As Eschen failed to respond to the motions to dismiss within the prescribed deadline, the Court will take his failure to respond as a representation of no opposition to the motion. In any case, Eschen's response did not present any substantive argument on the relevant issues.

Moreover, Eschen was required to ask leave to amend his complaint and did not. Federal Rule 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party." FED. R. CIV. P. 15(a). In this case, a responsive pleading was served: Defendants filed their motions to dismiss less than one month after the case was filed. Eschen did not seek leave of the Court to amend his pleading, filed more than two months after the motions to dismiss. It is therefore **ORDERED** that Eschen's amended complaint be stricken.

## IV.

Eschen claims that his due process rights under the Fifth Amendment were violated by the police officers' actions. (Complaint, Instrument No. 1). Defendants correctly argue that the Fifth Amendment Due Process Clause only applies to actions of the federal government, and not to Defendants, who are municipalities of the state. *Moin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) ("the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government").

Accordingly, Defendants' motions are **GRANTED** as to Eschen's Fifth Amendment claim.

## V.

Eschen argues that the officers employed by the Defendants violated his civil rights under the Fourth and Fourteenth Amendments by subjecting him to excessive force. He claims that he was merely trying to get his friend to surrender peacefully and turned from the door when he was thrown to the ground, yelled at, and struck repeatedly by the police officers.

In his amended complaint, Eschen also alleges that other officers failed to intervene when they saw excessive force being employed, and engaged in a conspiracy to cover up the use of force when Eschen was charged with resisting arrest. As the Court has stricken Eschen's amended complaint, it will not address these claims.

Defendants argue that Eschen's claim cannot stand because he has not alleged an injury; that he cannot establish a policy or custom of the cities which condones such use of excessive



ClibPDF - www.fastio.com

force; that his state law claim for false arrest is defeated by the Texas Tort Claims Act; and that he cannot establish either bystander liability or a civil conspiracy.

Section 1983 redresses the deprivation of rights secured by the Constitution or federal statutes, allowing persons to challenge violations by state agents. *Maine v. Thiboutot*, 448 U.S. 1, 5-6 (1980). To state a claim, Plaintiff must show (1) that the offending conduct was committed by a person acting under color of state law and (2) that the conduct deprived Plaintiff of rights secured by the Constitution. *Parrat v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995).

The liability of the Defendants depends upon the scope of 42 U.S.C. §1983. "There is no respondeat superior liability of a municipality for the negligence, gross or ordinary, of an officer." *Grandstaff v. City of Borger,* 767 F.2d 161, 168 (5th Cir. 1985). Therefore, in order to establish liability of a municipality under §1983, the plaintiff must show: (1) a policy; (2) of the city's policy maker; (3) that caused the plaintiff to be subjected; (4) to the deprivation of a constitutional right. *Id.*

Eschen has alleged that the offending conduct in this case was committed by officers of Webster and League City. To establish a constitutional violation, plaintiff must show that the conduct complained of violated some *specific* constitutional right. *See Wilkerson v. Mock*, 403 F. Supp. 971, 971 (E.D. Pa. 1975) (holding that plaintiff's "complaint in a civil rights action must specifically plead a cause of action, and mere conclusory allegations that unspecified constitutional

rights have been infringed will not suffice."). Eschen complains that his Fourth and Fourteenth Amendment rights were violated when he was subjected to excessive force. "[I]f a law enforcement officer uses excessive force in the course of making an arrest, the Fourth Amendment guarantee against unreasonable seizure is implicated." *Harper v. Harris County, Texas*, 21 F.3d 597, 600 (5th Cir. 1994). To establish a claim for excessive force, the plaintiff must show that he suffered an injury[1] resulting from the "the use of force that was clearly excessive to the need, and the excessiveness of that need was objectively unreasonable." *Id.*

Only in his amended complaint did Eschen state that he suffered "physical and emotional" injuries, although he failed to specify what those injuries were. Eschen must next show that the use of force was clearly excessive to the need. Eschen claims he had just turned from his friend's front door when several police officers ran up the stairs and kicked the front door down. One of the officers who arrived later allegedly yelled at Eschen, threw him down on the ground and beat him. Accepting Eschen's allegations as true, if he had stepped aside as stood back as directed then conceivably there would be no reason to throw him down on the ground and beat him, as the

---

[1]Defendants argue that in order to establish an excessive force claim, the plaintiff must also have suffered a *significant* injury. (Defendants' Memorandum, Instrument No. 9, at 4) (citing *Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989)). The authority cited by Defendants was explicitly overruled in a subsequent case by the Fifth Circuit. "The Supreme Court overruled the significant injury prong in an Eighth Amendment excessive use of force context. We now hold that the Johnson standard is no long valid . . . . A plaintiff is no longer required to prove significant injury to assert a section 1983 Fourth Amendment excessive force claim." *Harper*, 21 F.3d at 600 (internal citations omitted). Defendants neglected to cite this controlling authority.

officers reportedly did. The use of force would be excessive to the need to remove Eschen from the scene.

Eschen must also show that the excessiveness of the force used was objectively unreasonable, judged in reference to the legal standards existing at the time of the conduct. *Harper*, 21 F.3d at 600-601. This is a factual issue. *See Hay v. City of Irving, Texas*, 893 F.2d 796, 799 (5th Cir. 1990)

Even assuming that Eschen could establish a constitutional deprivation due to the use of excessive force, which he has not done, he has failed to plead facts sufficient to establish that the Defendant cities had a policy or accepted custom allowing police officers to employ excessive force. *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978)). The Fifth Circuit has defined an official policy as either

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom lawmakers have delegated law-making authority; or
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennet v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (en banc) (per curiam). Moreover a municipality cannot be held liable for failure to adequately train an employee unless such failure



ClibPDF - www.fastio.com

evidences a deliberate indifference to an individual's constitutional rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-389 (1989).

Eschen alleged only in his amended complaint that the officers employed by the Defendants "are known to commit such acts of brutality without proper cause or justification as well as being excessive and that the City governments have failed to act to prevent such customs and practices." (Amended Complaint, Instrument No. 13, at 3). Even if the Court had not stricken his amended complaint, Eschen would be unable to demonstrate a policy or custom. In general, a "city's custom or policy authorizing or encouraging police misconduct 'cannot be inferred from a municipality's isolated decision not to discipline a single officer for a single illegality.'" *Fraire v. City of Arlington*, 957 F.2d 1268, 1278-79 (5th Cir. 1992) (quoting *Berry v. McLemore*, 670 F.2d 30, 33 (5th Cir. 1982)). However, "the subsequent acceptance of dangerous recklessness by the policymaker tends to prove his preexisting disposition and policy." *Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985).

Here, Eschen has not alleged the identity of the final policymaker for each city. Nor has he alleged the names of the officers who were involved in the incident, or if they have ben involved with similar incidents in the past. Eschen conclusorily alleges that "the police departments of both cities customarily over react and violate the rights of the citizens that are arrested in the cities and that the City governments know or should know about it." (Plaintiff's Response, Instrument No. 14). This is merely a restatement of the requirements to prove a policy or custom, not a sufficient factual allegation. "The description of a policy or custom and its



ClibPDF - www.fastio.com

relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (Section 1983 plaintiff's assertion that Texas City was liable for actions of police officer because officer "was acting in compliance with the municipality's customs, practices or procedures" insufficient because it is conclusory).

Because Eschen has not alleged sufficient facts to support a claim of a policy or custom of excessive force, Defendants' motions are **GRANTED** as to municipality liability under §1983.

## VI.

Finally, in his original complaint Eschen alleged a pendant state law claim for false arrest. (Complaint, Instrument No. 1). Defendants contend this claim must be dismissed because Eschen has not alleged any facts sufficient to overcome the cities' entitlement to immunity under the Texas Tort Claims Act. (Defendants' Memorandum, Instrument No. 9, at 8).

The Texas Tort Claims Act ("Act") waives municipality liability in case of property damage, personal injury, and death caused by the negligence or omission of a state employee acting within the scope of his or her employment if the occurrence was caused by a motor-driven vehicle or motor driven equipment, tangible or personal real property, and the employee would be personally liable under Texas law. TEX. CIV. PRAC. & REM. CODE §101.021 (Vernon 1986). However, the Act specifically excludes from the waiver of liability claims of a state employee's intentional torts. TEX. CIV. PRAC. & REM CODE §101.057(2). False arrest is an intentional tort. *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App. -- Houston [1st Dist.] 1995, no

writ). Accordingly, Eschen's false arrest claim against the Defendant cities must be dismissed. Defendants' motions are **GRANTED** as to the false arrest claim.

**VII.**

Accordingly, Defendants' motions to dismiss are **GRANTED** as to all claims.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED this the 16th day of December, 1999, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**